Filed 10/26/20  McGroarty v. McGroarty CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SEAN MICHAEL MCGROARTY, | B299060 |
| Appellant, | (Los Angeles County Super. Ct. No. BD658488) |
| v. | |
| JENNIFER A. HORNE MCGROARTY, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steve Cochran, Judge.  Affirmed.

Sean Michael McGroarty, in pro. per., for Appellant.

No appearance for Respondent.

## INTRODUCTION

Appellant Sean Michael McGroarty appeals from a domestic violence restraining order protecting his ex-wife, respondent Jennifer A. Horne McGroarty. The order was entered after a hearing on May 6, 2019, pursuant to an agreement between the parties. Appellant contends: (1) the trial court prejudicially erred by receiving testimony from a nonparty witness whom respondent had not disclosed on a witness list, and documentary evidence that respondent had not produced before the hearing; and (2) he was denied his Sixth Amendment rights to counsel and a fair hearing because his counsel encouraged him to enter the agreement under duress resulting from the court's "unfair admission of evidence and witness testimony," and also directed profane language at respondent's counsel and threw a stack of papers at her.

We affirm. With respect to each asserted error, the incomplete record appellant has provided either fails to demonstrate error or conclusively refutes his factual predicate for it.

## PROCEEDINGS BELOW

On May 9, 2018, the trial court entered a judgment dissolving the parties' marriage. In April 2019, appearing in propria persona, respondent made an ex parte request for a domestic violence restraining order. The court entered a temporary restraining order. On May 3, 2019, appellant filed a request for modification of the order. Neither

2

respondent's request for an order nor appellant's request for modification is in the record.  On May 6, 2019, the court held a hearing on respondent's request, at which both parties were present and represented by counsel.

Though the record does not reveal the precise nature of respondent's allegations against appellant, it indicates that she accused him of surveilling her.  During the May 6 hearing, appellant's counsel stated, "Essentially, this is a case about a GPS."  The court responded, "And then I guess it's become a little bit more than that because when I met [respondent] for the first time, she came in with no lawyer and had some other device with her that she thought was like a surveillance device."  Appellant's counsel guessed that the device might have been a camera, predicting that respondent might call a mechanic to testify about cameras installed at respondent's house.  The record does not clarify the nature of respondent's evidence of surveillance.

At the outset of the hearing, appellant's counsel moved to exclude all of respondent's evidence on the ground that respondent's counsel had not provided her a witness list or any documentary evidence, aside from handing her a stack of original documents mere minutes before the hearing and promptly requesting the documents' return.[1]  Respondent's

---

[1]    Respondent's counsel remarked, in passing, that appellant's counsel returned these documents "in somewhat of a huff."  Neither the court nor appellant's counsel responded to this remark.  Appellant's counsel used no profane language during
*(Fn. is continued on the next page.)*

counsel opposed the motion to exclude all evidence, but informed the court she would agree to a continuance and the exchange of documents in advance of the continued hearing. Respondent's counsel further informed the court that because her office had asked appellant's counsel if she would be requesting a continuance of the hearing, and counsel had said no, respondent's counsel had brought a witness, Wenceslao Mateo -- the mechanic whom appellant's counsel had referenced as a potential witness.

In response to questions from the court, appellant's counsel acknowledged that she "had reason to know that this mechanic [Mateo] could be in the mix," that she had not informed respondent's counsel that she would seek a continuance or an opportunity to depose Mateo, and that she was prepared to examine Mateo that day. On the basis of these admissions, the court rejected the suggestion that appellant had been "sandbagged" by respondent's intent to call Mateo. The court also expressed concern that requiring Mateo to appear again on a later date would unduly inconvenience him. The court stated it would continue the hearing after receiving Mateo's testimony.

As soon as Mateo was called, he indicated he was not fluent in English, and the court excused him from the witness stand pending an attempt to find an interpreter. After discussion of matters irrelevant to this appeal, the

the hearing, and respondent's counsel did not accuse her of doing so.

4

court stated it was continuing the matter to June 6 and ordering the parties to exchange evidence prior to that date, but that it would hear Mateo's testimony before adjourning for the day if an interpreter could be found. The court encouraged the parties' counsel to attempt to informally resolve the matter while they waited for an interpreter.

As appellant acknowledges, no further proceedings that day were reported. His brief and the clerk's transcript suggest the parties' counsel, taking the court's suggestion, negotiated an agreement. Specifically, the minute order from the May 6 hearing states the court granted respondent's request for a restraining order pursuant to the parties' agreement. Consistent with the minute order, appellant asserts the restraining order was issued "based on an agreement" drafted by the parties' counsel. Neither that agreement nor a transcript of any related proceeding is in the record.

Appellant timely appealed the May 6 restraining order.

## DISCUSSION

### A. *The Trial Court's Asserted Consideration of Evidence*

Appellant contends the trial court violated Family Code section 217 and California Rules of Court, rule 5.113 by receiving testimony from Mateo, a nonparty witness whom respondent had not disclosed on a witness list. (See Fam. Code, § 217, subd. (c) ["If the witness list is not served prior to the hearing, the court may, on request, grant a brief

5

continuance and may make appropriate temporary orders pending the continued hearing"]; California Rules of Court, rule 5.113(e) ["Witness lists required by Family Code section 217(c) must be served . . . . If no witness list has been served, the court may require an offer of proof before allowing any nonparty witness to testify"].) Similarly, appellant contends the court violated California Rules of Court, rule 5.98 by considering documentary evidence respondent had not produced before the hearing. (See Cal. Rules of Court, rule 5.98(b) ["Before or while conferring [as generally required before a hearing], parties must exchange all documentary evidence that is to be relied on for proof of any material fact at the hearing. At the hearing, the court may decline to consider documents that were not given to the other party before the hearing as required under this rule"].)[2]

We reject these contentions. So far as the record discloses, the court neither received Mateo's testimony nor considered any documentary evidence at the May 6 hearing. As described above, the transcript of the hearing shows the court expressly decided *not* to consider any documentary evidence until the continued hearing, before which the parties were to exchange such evidence. Though the court was prepared to hear Mateo's testimony at the May 6

---

[2]     Appellant also relies on *Brady v. Maryland* (1963) 373 U.S. 83, which does not assist him in this civil case. (See, e.g., *Association for Los Angeles Deputy Sheriffs v. Superior Court* (2019) 8 Cal.5th 28, 36 [*Brady* requires prosecutor "in a criminal case" to disclose certain evidence to defendant].)

6

hearing if an interpreter could be located, it recessed the proceedings pending completion of that search and suggested the parties' counsel attempt to negotiate a resolution during the recess. Both the minute order and appellant's brief suggest counsel did just that, and that the parties agreed to the order from which appellant appeals. Appellant identifies no evidence in the record that an interpreter was found or that Mateo testified.

Even were we to assume the court received Mateo's testimony at the May 6 hearing, we would find, on this record, that the court acted within its discretion. Family Code section 217 does not prohibit a trial court from receiving testimony from a previously undisclosed witness; rather, it grants the court discretion to continue the matter. (See Fam. Code, § 217, subd. (c).) Indeed, the related rule on which appellant relies expressly contemplates a court's "allowing a nonparty witness to testify" notwithstanding the absence of a witness list. (Cal. Rules of Court, rule 5.113(e).) Here, on the basis of the court's finding that appellant had not been "sandbagged" by respondent's intent to call Mateo (supported by appellant's counsel's admissions), and the court's concern that Mateo would be unduly inconvenienced if required to appear again on a later date, the court had discretion to receive Mateo's testimony at the May 6 hearing.

Finally, even were we to assume the court erred in considering Mateo's testimony, we would find the record inadequate to determine whether appellant was prejudiced. The record is nearly silent on the nature of respondent's

7

allegations against appellant and the content of Mateo's proffered testimony. Thus, we cannot meaningfully review whether appellant might have negotiated a more favorable agreement, or otherwise achieved a more favorable result, had he been given more time to prepare to cross-examine Mateo. (See, e.g., Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2019) ¶ 4:3.2 ["the trial court's exercise of discretion will not be disturbed on appeal where appellant fails to provide a record sufficient to determine whether the result would have been different in the absence of the alleged trial court error"].) "'"[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."'" (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

## B. *Appellant's Right to a Fair Hearing and Asserted Right to Counsel*

Appellant contends he was denied his Sixth Amendment rights to counsel and a fair hearing because his counsel: (1) encouraged him to enter the parties' agreement under duress resulting from the trial court's "unfair admission of evidence and witness testimony"; and (2) directed profane language at respondent's counsel and threw a stack of papers at her.

Appellant's claim of ineffective assistance of counsel fails because he has no Sixth Amendment right to counsel in this civil case. (See, e.g., *In re Marriage of Campi* (2013) 212

8

Cal.App.4th 1565, 1574 [rejecting claim of ineffective assistance of counsel in dissolution case because there is generally no right to counsel in civil cases].)

In any event, the record establishes neither deficient performance of counsel nor the denial of a fair hearing.  As explained above, the record does not show the court admitted any evidence, or that it would have erred in doing so.  Thus, appellant's duress argument -- premised on the court's asserted errors in admitting evidence -- necessarily fails. Further, the record does not show appellant's counsel either directed any profane language at respondent's counsel or threw a stack of papers at her.  The only related evidence in the record is respondent's counsel's passing remark that when she requested that appellant's counsel return documentary evidence first produced mere minutes before the hearing, appellant's counsel complied "in somewhat of a huff."  This remark fails to show any deficiency in appellant's counsel's performance or that the hearing was unfair.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**


MANELLA, P. J.


We concur:


WILLHITE, J.


COLLINS, J.


10